UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00655-FDW
(3:16-cr-00322-FDW-DSC-1)

| | |
|---|---|
| BYRON BERNARD SADLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial screening of Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [Doc. 1].

## I. BACKGROUND

On December 15, 2016, Pro Se Petitioner Byron Bernard Sadler ("Petitioner") was charged in a Bill of Indictment with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count One). [Criminal Case No. 3:16-cr-322-FDW-DSC-1 ("CR"), Doc. 1: Bill of Indictment]. On July 7, 2017, Petitioner agreed to plead guilty to Count One. He also agreed to plead guilty to Violations One, Two, and Three in the Supervised Release Violation Petition in Case No. 3:14-cr-00197-FDW. [CR Doc. 11: Plea Agreement]. A Factual Basis for the charge was also filed that day. [CR Doc. 12: Factual Basis]. On July 10, 2017, Petitioner pleaded guilty in accordance with the Plea Agreement. [CR Doc. 13: Acceptance and Entry of Guilty Plea].

A United States Magistrate Judge accepted Petitioner's guilty plea after conducting a thorough plea colloquy, during which Petitioner was represented by counsel. [See CR Doc. 13].

Under oath, Petitioner told the Court that he received a copy of the indictment and discussed it with his attorney. [Id. at ¶ 8]. Petitioner also testified that he fully understood the charge against him and that he was, in fact, guilty of this charge. [Id. at ¶¶ 9, 24].

On November 27, 2017, the Court sentenced Petitioner to a term of 57 months' imprisonment. [CR Doc. 24 at 2: Judgment]. Judgment was entered on December 6, 2017. [Id.]. Petitioner did not file a direct appeal from this judgment. Petitioner's conviction, therefore, became final for purposes of his Section 2255 motion on December 20, 2017, fourteen days after judgment was entered. See Fed. R. App. P. 4(b)(1)(A). On December 3, 2019, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, citing as grounds the recent Supreme Court decision Rehaif v. United States, 139 S. Ct. 2191 (2019). [Doc. 1].

**II.     STANDARD OF REVIEW**

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In many cases, an evidentiary hearing is required to determine whether or not counsel was ineffective for misadvising a petitioner about a plea offer. See generally United States v. Witherspoon, 231 F.3d 923, 926–27 (4th Cir. 2000); 28 U.S.C.A. § 2255(b). After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved

without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner's sole claim arises under Rehaif v. United States. He argues, "[i]n accordance with the holding in Rehaif[,] the government has failed to prove that this petitioner knew he was among the relevant class of persons barred from possessing a firearm and therefore 'knowingly' committing an unlawful act." [Doc. 1 at 5]. Petitioner states that his motion is timely because there is "no doubt that the opinion in Rehaif was intended to be retroactively applied to petitioners on collateral review." [Id.].

In Rehaif v. United States, the Supreme Court held that, in a prosecution under § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. 139 S. Ct. 2191, 2195 (2019). The petitioner in Rehaif was an alien who entered the country on a nonimmigrant student visa to attend university. He received poor grades and the university dismissed him. The university told the petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. Id. at 2194. After the Government learned of the petitioner's visit to a firing range, where he shot two firearms, the petitioner was prosecuted for possessing firearms as an alien unlawfully in the United States in violation of § 922(g) and § 924(a)(2). The case went to trial. The judge instructed the jury, over petitioner's objection, that the "United States is not required to prove" that the petitioner "knew he was illegally or unlawfully in the United States." Id. The jury found the petitioner guilty and he was sentenced to 18 months' imprisonment. Id. At issue before the Supreme Court was whether the Government must prove that a defendant knows of his status as a person barred from possessing

a firearm, which in that case was the petitioner's status as an illegal alien. Id. at 2195. The Supreme Court held that, in a prosecution under § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. Id.

The holding in Rehaif does not apply to the facts of the instant case. There was no trial in Petitioner's case; Petitioner pleaded guilty to the § 922(g) charge he now challenges. The burden of proof of the Government, therefore, is not relevant. Rather, Petitioner was charged with "knowingly and unlawfully" possessing firearms in and affecting commerce "having been previously convicted of one or more crimes punishable by imprisonment for a term exceeding one year." [CR Doc. 1 at 1]. He pleaded guilty to this charge with a plea agreement and agreed there was a factual basis to support the guilty plea. [CR Docs. 11, 12]. At his plea hearing, Petitioner confirmed at his plea hearing that he was, in fact, guilty of this charge. [CR Doc. 13 at ¶ 24]. Petitioner does not contend that he did not know that he possessed the firearm or that he did not know that he was a felon, in any event. Rehaif simply does not apply.

Additionally, Rehaif did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g) and 924(a)(2). In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019). Further, the Supreme Court did not make Rehaif retroactive to cases on collateral review. Id.; In re Wright, --- F.3d ---, 2019 WL 5800218, at *2 (11th Cir. Nov. 7, 2019). As such, Petitioner's claim must have been brought within one year of his conviction becoming final, which in this case occurred on December 20, 2017. See 28 U.S.C. § 2255(3). Petitioner did not file his Section 2255 motion until December 3, 2019, well past the expiration of the one-year limitations period. Petitioner's claim under Rehaif is, therefore, both meritless and time barred.

The Court, therefore, denies and dismisses Petitioner's motion.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc.1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 13, 2019

Frank D. Whitney
Chief United States District Judge